LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-04304 BRO (JCx) | Date | August 09, 2013 |
|---|---|---|---|
| Title | JANEL BUYCKS V. BANCO POPULAR, ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          (IN CHAMBERS)

### ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

Plaintiff filed this action in federal court on June 20, 2013.  (Dkt. No. 1.)  Having reviewed her complaint, the Court questions whether it may properly exercise jurisdiction in this case.  A federal court must determine its own jurisdiction even if there is no objection to it.  *Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996).  Jurisdiction must be determined from the face of the complaint.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In her complaint, Plaintiff alleges this Court has subject matter jurisdiction on the basis of 12 U.S.C. § 3101.  This statute, however, does not confer subject matter jurisdiction.  Because Plaintiff refers to a federal statute, it appears she may be claiming subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-04304 BRO (JCx)** | Date | August 09, 2013 |
|---|---|---|---|
| Title | JANEL BUYCKS V. BANCO POPULAR, ET AL. | | |

In her complaint, Plaintiff alleges six causes of action: (1) fraudulent misrepresentation, pursuant to "U.S.C. 1572"; (2) "commodities" pursuant to "C.C. § 1573"; (3) violations of the Unruh Civil Rights Act, pursuant to "C.C. § 51.5, 54, and 57"; (4) unfair business practices, pursuant to California Business and Professions Code section 17200; (5) violations of the Fair Employment and Housing Act, pursuant to "Section 12948"; and (6) violations of California Business and Professions Code sections 125.6 and 16721. (*See* Compl.) None of these claims involves a question of federal law. Accordingly, subject matter jurisdiction cannot properly lie under 28 U.S.C. § 1331.

For example, each of Plaintiff's claims clearly refers to a California Code section, except the first. In her first claim for fraudulent misrepresentation, Plaintiff purports to allege the cause of action under federal law: "U.S.C. § 1572." She fails to provide the title of United States Code, however. The Court is unable to locate any federal code section 1572 for fraudulent misrepresentation. It did find California Civil Code section 1572 for actual fraud. Cal. Civ. Code § 1572. Accordingly, it appears Plaintiff intended to allege her first claim for fraudulent misrepresentation under this California code section.

In her third claim, Plaintiff alleges violations of California's Unruh Civil Rights Act pursuant to California Civil Code sections 51.5, 54, and 57. (Compl. ¶¶ 17–18.) It is true that "[i]n the disability context, California's Unruh Civil Rights Act operates virtually identically to the ADA [Americans with Disabilities Act]." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007). Although the ADA is a federal law, this is yet insufficient to support subject matter jurisdiction in federal court. *See Wander v. Kaus*, 304 F.3d 856 (9th Cir. 2002).

The Court notes that Plaintiff "resid[es] in Los Angeles County, California," and she alleges Defendant Banco Popular is a foreign corporation. Therefore, it is possible this case could be maintained in federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332.[1]

Under 28 U.S.C. § 1332, federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and the matter is between

---

[1] Plaintiff does not allege jurisdiction under 28 U.S.C. § 1332, however. (*See* Compl. ¶ 1.)

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-04304 BRO (JCx)** | Date | August 09, 2013 |
|---|---|---|---|
| Title | JANEL BUYCKS V. BANCO POPULAR, ET AL. | | |

citizens of different states, or a citizen of a state and a citizen of a foreign state. 28 U.S.C. § 1332. Where the complaint on its face does not allege damages in excess of $75,000, it is a defendant's burden to show the claim meets the jurisdictional minimum.

In her complaint, Plaintiff does not allege any specific amount of damages. Therefore, it is unclear whether the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332.

In order to assist Plaintiff, a pro se, in responding to this order to show cause, the Court provides here the information for the Federal Pro Se Clinic. The Federal Pro Se Clinic in Los Angeles is located in:

**The United States Courthouse
312 N. Spring Street, Room 525, 5th Floor
Los Angeles, CA 90012**

and can be reached at (213) 385-2977, Ext. 270. Plaintiff is urged to check the website or call for available hours.

For the reasons stated above, Plaintiff is **ORDERED TO SHOW CAUSE no later than 5:00 p.m. on Friday, September 6, 2013**, as to why the Court should not dismiss this action for lack of subject matter jurisdiction. **<u>Failure to respond by this deadline will be deemed consent to dismissal.</u>**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer: | rf |